UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kevin M. Smith,                                                         Case No. 3:12-cv-602

    Plaintiff

v.                                                                                   MEMORANDUM OPINION
                                                                                 AND ORDER

Commissioner of Social Security,

    Defendant

## INTRODUCTION

This matter is before me on the objections of Plaintiff Kevin M. Smith to the Report and Recommendation of Magistrate Judge Vernelis K. Armstrong, II, regarding Smith's complaint seeking review of a final decision of Defendant, the Commissioner of Social Security. (Doc. No. 1). For the reasons stated below, I adopt the Magistrate Judge's recommendations as set forth in the Report and Recommendation and affirm the decision of the Commissioner.

## BACKGROUND

Magistrate Judge Armstrong set forth the procedural and factual background of this case, and I adopt these sections from her Report and Recommendation, with the exception of one amendment.[1] (*See* Doc. No. 36 at 1-16).

---

[1] Plaintiff was assessed by Harbor Behavioral Healthcare on April 18, 2006, (Doc. No. 12 at 558), not April 14, 2006, as stated in the Report and Recommendation, (Doc. No. 36 at 11).

Smith argues Magistrate Judge Armstrong erred in failing to recommend reversal and remand of the findings of the Administrative Law Judge ("ALJ"), and submits three objections to the Report and Recommendation. Smith objects to Magistrate Judge Armstrong's findings that (1) ALJ Hunn conducted a full and fair hearing; (2) ALJ Hunn's denial of benefits is properly supported by substantial evidence; and (3) Smith's motion for remand is unwarranted. (Doc. No. 16 at 2).

The Commissioner filed a response to Smith's objections. (Doc. No. 38). The Commissioner stated Smith's objections fail to show any error on the part of the Magistrate Judge or the ALJ and, furthermore, Magistrate Judge Armstrong's conclusions, based on a thorough review of the evidence, are proper. (Id. at 1).

**STANDARD**

A district court must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. Pro. 72(b)(3); *see also Norman v. Astrue*, 694 F. Supp.2d 738, 740 (N.D. Ohio 2010).

A district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (*quoting Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## ANALYSIS

### I. DENIAL OF FULL AND FAIR HEARING

In Smith's objections to the Report and Recommendation, Smith contends ALJ Hunn denied him a full and fair hearing by failing to fully develop the record. (Doc. No.37). As Magistrate Judge Armstrong noted, the duty to ensure every claimant receives a full and fair hearing ultimately lies with the ALJ. *Lashley v. Sec. of Health and Human Services,* 708 F.2d 1048, 1051 (6th Cir. 1983), *citing Richardson v. Perales*, 402 U.S. 389, 410 (1971). The ALJ generally "must not become a partisan and assume the role of counsel[;]… he [must] act as an examiner charged with developing the facts." *Id.* "[W]here [a] claimant is unrepresented by counsel [however,] the ALJ has a duty to exercise a heightened level of care and assume a more active role." *Id.* Whether the ALJ fails to fully develop the record in derogation of this heightened responsibility is determined on a case-by-case basis. *Id.* at 1052.

Magistrate Judge Armstrong determined ALJ Hunn was not under a heightened duty to take on a more active role and assume the role of counsel during the proceeding. (Doc. No. 36 at 22). In support of this, she compared the facts in *Lashley* to the instant case and found Smith, unlike the plaintiff in *Lashley*, was represented by counsel and therefore able to understand the nature of the proceedings. (Id.). Accordingly, Magistrate Judge Armstrong correctly determined ALJ Hunn was not under a heightened duty to assume the role of counsel.

Smith objects Magistrate Judge Armstrong did not follow the case-by-case determination required under *Lashley* because she overlooked relevant facts peculiar to the instant case. (Doc. No. 37 at 4). Specifically, Smith states ALJ Hunn knew Smith's counsel was inexperienced and unaware of the issues to be addressed during the hearing and therefore, to satisfy her duty to conduct a full and fair hearing, ALJ Hunn should have notified Smith's counsel of the issues to be addressed in a

3

pre-hearing conference. (Id.). Smith adds that ALJ Hunn misled him as to the evidence she would request during the hearing and on which she would base her decision. (Doc. No. 37 at 16).

The case-by-case determination Smith references is a determination of whether ALJ Hunn owes him a heightened duty to develop the record and arguably assist Smith with presenting evidence. Smith concedes, however, "[he] is not suggesting that he was owed a heightened duty" and claims "ALJ [Hunn] owed him a simple duty to accord him a fair hearing and allow him the opportunity to fully develop the record." (Doc. No. 37 at 15). I conclude this concession, as well as Magistrate Judge Armstrong's determination he was represented by counsel, shows ALJ Hunn was not under a heightened duty to assume the role of counsel and, further, did not deprive Smith of a fair hearing or the opportunity to develop the record.

Additionally, Magistrate Judge Armstrong correctly determined there is no evidentiary support that ALJ Hunn misled Smith, and there is no precedent supporting Smith's contention ALJ Hunn should have conducted a pre-hearing conference to inform Smith's attorney of the issues. (Doc. No. 36 at 24). As the Supreme Court noted in *Richardson,* the ALJ must not assume the role of counsel, absent a heightened duty. I agree with Magistrate Judge Armstrong that Smith's drug abuse was not a hidden fact, unapparent to Smith's counsel; rather, the drug addiction was an additional diagnosis which Smith's counsel reasonably should have expected to be within the scope of ALJ Hunn's questioning.

Smith further argues ALJ Hunn failed to fully develop the record because she failed to include certain records from Smith's treating psychiatrist at Rescue Crisis covering the period of December 1999 to December 2000. (Doc. No. 37 at 5). Magistrate Judge Armstrong properly determined ALJ Hunn's duty to develop the record does not involve procuring additional evidence outside the record. *See Nabours v. Commissioner of Social Sec.*, 50 F. App'x 272, 275 (6th Cir. 2002) (when an unrepresented articulate plaintiff forgot to incorporate an MRI into evidence, the ALJ was

4

not under a heightened duty to develop the record and therefore was not under a duty to incorporate the MRI as evidence). Magistrate Judge Armstrong noted that if Smith's counsel felt the record was lacking, he had an adequate opportunity to question his client and elicit further testimony. (Doc. No. 36 at 21). Smith's counsel did not. Therefore, I agree with Magistrate Judge Armstrong's finding that ALJ Hunn satisfied her responsibility to fully develop the record. (Doc. No. 36 at 23).

I also find Smith's contention he was denied a full and fair hearing because ALJ Hunn conducted herself in a combative and derisive manner lacks merit. To support his proposition, Smith states ALJ Hunn took advantage of his counsel's unfamiliarity with Social Security proceedings. (Doc. No. 37 at 18). Smith also states that ALJ Hunn demeaned him, his mother, and his father/lawyer. (Id.). Smith, however, fails to cite to instances in the record that show ALJ Hunn took advantage of his counsel or demeaned him or his mother and father. Rather, Smith argues that ALJ Hunn discredited his mother's testimony concerning her personal observations, by only considering the GAF score and not his mother's testimony. (Doc. No. 37 at 10-11). The ALJ is required to consider medical consultant or other program physician testimony to determine Smith's residual functional capacity; however, the ALJ also *may* consider testimony from other sources. 20 C.F.R. § 404.1513(c)-(d) (emphasis added). I agree with Magistrate Judge Armstrong that ALJ Hunn did not err when she decided to give little weight to Smith's mother's testimony. (Doc. No. 36 at 26). Even if ALJ Hunn had not considered the testimony of Smith's mother, she was not required to under the Social Security Regulations. I conclude ALJ Hunn did not conduct herself in a combative and derisive manner, and Smith was afforded a full and fair hearing.

**II.** **MAGISTRATE ERRED IN FINDING THAT THE DENIAL OF BENEFITS WERE SUPPORTED BY SUBSTANTIAL EVIDENCE**

To determine whether a claimant is disabled, the ALJ must engage in a five-step sequential analysis. A claimant is not disabled if he is: (1) engaged in substantial gainful activity; (2) not

performing substantial gainful activity, and his impairment is not severe; (3) not doing substantial gainful activity and his impairment has not lasted or is not expected to last for at least twelve months, and his impairment does not meet a listed impairment; (4) not prevented from doing past relevant work; (5) prevented from doing past relevant work, but other work exists in the national economy that accommodates his residual functional capacity and vocational factors. *Walters v. Commr. of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997), *citing* 20 C.F.R. § 404.1520. If the ALJ finds the claimant is disabled but there is medical evidence of drug addiction or alcoholism, the Commissioner must determine whether the drug use is a contributing factor material to the determination of disability. 20 C.F.R. § 404.1535(a). In making this determination, the ALJ must evaluate which of the claimant's current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, and then determine whether any or all of the claimant's remaining limitations would be disabling. 20 C.F.R. § 404.1535(b)(2). If the ALJ determines the remaining limitations are not disabling, the ALJ must conclude the claimant's drug addiction and alcoholism is a contributing factor material to the determination of disability and deny benefits. *Siemon v. Comm'r of Soc. Sec.*, 72 F. App'x 421, 422 (6th Cir. 2003); *see* 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535(b)(2)(i). The ALJ may rely on a medical advisor's testimony, even if the advisor does not actually examine the claimant, if the opinion is substantially supported by the "totality of the objective medical evidence." *Atterbery v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 570 (6th Cir. 1989).

ALJ Hunn determined Smith had a disability under step three of the five-step sequential analysis, because Smith had been diagnosed with schizoaffective disorder. (Doc No. 12 at 27-29). She then found Smith's drug use to be a contributing factor material to the determination of disability and therefore denied him benefits. (Id. at 29). ALJ Hunn relied on medical expert testimony from Dr. Hammill, and in accordance with the criteria for mental affective disorders

under 20 C.F.R. § 404app. 1[2], concluded if Smith discontinued his substance abuse, the "remaining limitations would not cause at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation." (Doc. No. 12 at 29). The ALJ concluded therefore Smith would not suffer from a mental affective disorder absent his substance abuse. (Id.). Additionally, ALJ Hunn concluded, based on objective medical evidence and Dr. Hammil's evaluation, Smith stil would experience significant functional limitations in the absence of his substance abuse. (Id. at 28). Therefore, ALJ Hunn proceeded to steps four and five of the five-step sequential analysis, and credited the vocational expert's testimony that Smith would be able to perform a substantial number of jobs in Ohio and the national economy given his residual functional capacity. (Id. at 32-33). ALJ Hunn found that Smith was not disabled under the Social Security Regulations. (Id.).

Smith argues his drug abuse and noncompliance with treatment are natural consequences of his schizoaffective disorder and are not a contributing factor material to his disability. (Doc. No. 12 at 782). In support of his argument, he cites to a Wikipedia page describing how drug abuse and noncompliance can be consequences of schizoaffective disorder. (Doc. No. 37 at 18). ALJ Hunn relied on Dr. Hamill's testimony, as well as the vocational expert, in making her assessment of whether Smith was disabled despite his drug addiction and whether Smith could perform work that exists in the national economy. I conclude the ALJ's decision denying Smith disability benefits was supported by substantial evidence and in compliance with the Social Security Regulations.

---

[2] 12.04 Affective Disorders: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation. The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied, resulting in at least two of the following:
1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration.
20 C.F.R. § 404app. 1

### III. DENIAL OF MOTION FOR REMAND

Magistrate Judge Armstrong recommends I reject Smith's motion for remand. The Magistrate Judge concluded Smith's proffered additional evidence may not be incorporated because the district court only may order the Commissioner to take additional evidence upon a showing that such new evidence is material and there was good cause for the failure to incorporate the evidence into the record in a prior proceeding. (Doc. No. 36 at 27).

Smith argues the evidence is material because it establishes an earlier onset date for his disability. (Doc. No. 37 at 6). To show good cause, Smith offers an "equitable estoppel"[3] argument. He asserts the Commissioner should be estopped from preventing the introduction of the additional evidence because the Commissioner caused him to believe he had gathered all medical records relevant to the earlier onset date and, relying on this fact, Smith did not submit further evidence. (Id. at 18). It is Smith's burden to furnish all necessary and relevant medical evidence, however, and he may not fail to initially submit evidence and then claim the Commissioner caused him to rely on an incomplete record. 20 C.F.R. § 404.1512(a). The Commissioner's certification that the record was complete in part is designed to notify the ALJ that the Commissioner has produced all of the information and documents the claimant submitted to the Commissioner. Smith's purported reliance is contradicted by the express language of the Social Security Regulations and therefore does not show good cause under 42 U.S.C. § 405(g). Accordingly, I find Smith fails to establish a good reason for not submitting the evidence and conclude Magistrate Judge Armstrong properly denied Smith's motion for remand.

---

[3] In Smith's objections to Magistrate Armstrong's Report and Recommendation, Smith argues the Commissioner should be prohibited from keeping certain evidence out of the record based on the doctrine of equitable "stoppels." (Doc. No. 37 at 18-19). I presume that Smith meant to offer the doctrine of equitable estoppel, as equitable "stoppels" is not a familiar common law doctrine in U.S. courts.

8

## CONCLUSION

For the reasons stated above, I adopt the conclusions of Magistrate Judge Armstrong as set forth in the Report and Recommendation and affirm the Commissioner's decision.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
